NO. 21-4458

In The

# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**
*Plaintiff – Appellee,*

v.

**MAURICE OWEN WILEY, JR.,**
*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

---

**REPLY BRIEF OF APPELLANT**

---

| | |
|---|---|
| **John D. Bryson**<br>WYATT EARLY<br>  HARRIS WHEELER, LLP<br>1912 Eastchester Drive<br>Suite 400<br>High Point, NC 27265<br>(336) 819-6016 | **Mark P. Foster, Jr.**<br>FOSTER LAW<br>  OFFICES, PLLC<br>409 East Boulevard<br>Charlotte, NC 28203<br>(980) 721-5221 |
| *Counsel for Appellant* | *Counsel for Appellant* |

GibsonMoore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

Page:

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT ....................................................................................................... 1

    I.    THE GOVERNMENT'S ARGUMENT REGARDING COUNT THREE DOES NOT ADDRESS THE ACTUAL ISSUES AND FAILS TO JUSTIFY THE DEFECTIVE PLEADING OR THE CONSTRUCTIVE AMENDMENT OF THE INDICTMENT .................................................................. 1

    II.    THE GOVERNMENT HAS NOT POINTED TO EVIDENCE OF TWO SEPARATE CONSPIRACIES ............................................. 2

    III.    THE COURT ERRED IN DENYING THE APPELLANT'S *BATSON* OBJECTION TO THE GOVERNMENT'S USE OF PREMPTORY STRIKES AS TO JURORS ANITRA INGRAM AND JANET RIDDLE WHERE THE GOVERNMENT'S STRIKES WERE SUBSTANTIALLY MOTIVATED BY RACE .................................................................. 4

    IV.    THE COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW BY SUSTAINING THE GOVERNMENT'S OBJECTION TO DEFENSE COUNSEL'S ARGUMENT REGARDING REASONABLE DOUBT ..................... 6

CERTIFICATE OF COMPLIANCE .................................................................... 8

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Batson v. Kentucky*,
    476 U.S. 79 (1986)..............................................................................................4

*United States v. Hare*,
    820 F.3d 93 (4th Cir. 2016) ................................................................................3

*United States v. Johnson*,
    820 F. App'x 199 (4th Cir. 2020)......................................................................3

*United States v. Mathis*,
    932 F.3d 242 (4th Cir. 2019) .............................................................................2

*United States v. Oriakhi*,
    57 F.3d 1290 (4th Cir. 1995) .............................................................................6

*United States v. Williamson*,
    701 F. App'x 212 (4th Cir. 2017).......................................................................3

*Wilkins v. United States*,
    No. CR 16-10096-PBS, 2020 WL 533595 (D. Mass. 2/3/20) ........................1

**Statutes:**

18 U.S.C. § 924..............................................................................................................2

18 U.S.C. § 924(c) ..................................................................................................1, 2, 3

18 U.S.C. § 924(o) ...............................................................................................1, 2, 3, 4

# ARGUMENT

**I. THE GOVERNMENT'S ARGUMENT REGARDING COUNT THREE DOES NOT ADDRESS THE ACTUAL ISSUES AND FAILS TO JUSTIFY THE DEFECTIVE PLEADING OR THE CONSTRUCTIVE AMENDMENT OF THE INDICTMENT.**

The government's brief, at pages 27-29, cites several cases for the undisputed but irrelevant point that conspiracy is an inchoate crime, specifically that 18 U.S.C. § 924(o) does not require the underlying predicate crime to have been committed, charged, or to have resulted in a conviction. The government misses the point. Appellant has not argued that a conviction of Section 924(o) requires the commission of a predicate crime. Rather, Appellant's argument is that Count Three is defective for alleging that the conspiracy's goal was to commit a violation of 18 U.S.C. § 924(c), which cannot itself qualify as a crime of violence. Secondly, Appellant is arguing that the government and Court constructively amended this charge by having the jury instructed on a Hobbs Robbery as the underlying crime of violence.

On page 29 of its Brief, the government cites *Wilkins v. United States*, No. CR 16-10096-PBS, 2020 WL 533595 (D. Mass. 2/3/20) for the proposition that a defendant can violate 18 U.S.C. § 924(o) without violating Section 924(c). However, the defendant in that case had not raised the issue that Wiley is raising before this Court. Instead, defendant Wilkins had raised the issue of ineffective assistance of counsel based on his attorney advising him to plead guilty to a

Section 924(o) charge where he did not "use" a firearm during a drug trafficking crime. In any event, the issue here is not whether Section 924(o) requires a violation of Section 924(c). Appellant agrees that such is not required—the point is not pertinent to this appeal.

Missing the point again, the government cites *United States v. Mathis*, 932 F.3d 242, 265-266 (4th Cir. 2019), for the proposition that a defendant can be guilty under Section 924(o) of conspiring to possess firearms in furtherance of a completed Hobbs Act robbery. Here, Appellant Wiley was not charged in Count Three with conspiring to possess firearms in furtherance of a Hobbs Act robbery. He was charged only with conspiring to possess firearms in furtherance of a crime of violence, "to wit: an offense under subsection (c) of Title 18, United States Code, Section 924." This defective pleading fails to state an offense because Section 924(c) is not itself a crime of violence. This defective charge resulted in a conviction only because of a constructive amendment of Count Three by instructing the jury that the underlying crime of violence was not a violation of Section 924(c) but a Hobbs Act robbery not alleged in Count Three.

## II. THE GOVERNMENT HAS NOT POINTED TO EVIDENCE OF TWO SEPARATE CONSPIRACIES.

In opposing Wiley's argument that there was insufficient evidence of two separate conspiracies, the government cites cases where defendants were simultaneously convicted of separate conspiracies to violate the Hobbs Act and to

violate Section 924(c), but those cases do not support the government's conclusion that such is acceptable without evidence of two separate agreements.

The government cites *United States v. Hare*, 820 F.3d 93, 97 (4th Cir. 2016), as an example of a case where this Honorable Court affirmed convictions of Hobbs Act conspiracy and Section 924(o) conspiracy in the same case. However, the defendants in that appeal did not raise the issue of separate conspiracies. Therefore, that issue was not before this Honorable Court, and that decision is not legal authority in support of the government's position on this issue.

Similarly, the government cites as another such example the unpublished case of *United States v. Williamson*, 701 F. App'x 212 (4th Cir. 2017). However, the two defendants on that appeal had pled guilty to the charges. The issue of separate conspiracies was neither raised by either defendant nor ruled on by this Court. Finally, the government cites the unpublished case of *United States v. Johnson*, 820 F. App'x 199, 204 (4th Cir. 2020), as its third example of a case where this Honorable Court affirmed a defendant's convictions of both a Hobbs Act conspiracy and a Section 924(o) conspiracy in the same case. Once again, however, the issue of separate conspiracies was not raised and not before the Court in that case.

The government cited the three cases above in support of its statement that "[t]his Court has routinely affirmed convictions for both Hobbs Act conspiracy and

Section 924(o) conspiracy that stem from a single transaction." (Government's Brief, p. 37). However, as stated above, none of these three opinions upheld such convictions against a claim that there was insufficient evidence of separate conspiracies. Here, as delineated on page 14 of Appellant's brief, the only testimony as to the scope of the agreement by the co-conspirators was provided by codefendant Hykeem Cox, who made clear that there was a single agreement to commit an armed robbery of the owners of the restaurant at their home.

III. **THE COURT ERRED IN DENYING THE APPELLANT'S *BATSON* OBJECTION TO THE GOVERNMENT'S USE OF PREMPTORY STRIKES AS TO JURORS ANITRA INGRAM AND JANET RIDDLE WHERE THE GOVERNMENT'S STRIKES WERE SUBSTANTIALLY MOTIVATED BY RACE.**

In his principal brief, Appellant notes that in a side-by-side comparison of black prospective jurors who were struck with white prospective jurors who were not struck, jurors Ingram and Riddle, who failed to affirmatively respond to the oral asking of question number 4 from the questionnaire, made them no different from white juror Lynwood Brandis, who also failed to respond to the re-asking of question number 4. The government purports to distinguish Juror Brandis by noting that during the court's initial questioning of jurors, Brandis did respond to the court's question about whether any members of the jury, their immediate family or close friends had been a victim of a crime. In Brandis's circumstance, since the defendant and the victim he referenced in his answer to question number

4 were both family members, the event that he cited would qualify for discussion under both questions. So, while juror Brandis did discuss the event in response to the court's question about being a crime victim, he nevertheless failed to respond when the court re-asked question number 4. In that regard, he is no different from jurors Riddle and Ingram. While the government attempts to distinguish Brandis by noting that he discussed the event in open court in response to the court's question, he did so in response to a different question. It is important to note that all three jurors had responded to question number 4 on their questionnaires. And all three jurors did not respond when asked the exact same question again orally. Did Brandis not respond orally to question 4 because he had already discussed the matter with the court in relation to the crime victim question or did he not respond because he had already answered that question in written form on the questionnaire? Did Riddle and Ingram not respond because they had already answered that question on the questionnaire? The answers to these questions are not unknown. Appellant suggests that this entire discussion belies the fact that asking potential jurors to re-answer a question that they have already answered on their questionnaire is not part of an information gathering process. If the government had questions about Riddle and Ingram's answers to question 4, they could have asked the court for specific follow-up questions on those matters. Instead, they asked that the entire jury, as a panel, be re-asked a question they had

5

already answered on their questionnaire. As noted in his principal brief, the purpose of re-asking a question in the identical form to which the jurors have already been asked in written form, suggests that it was not intended to gather information but instead, was a way to set a potential trap for certain jurors.

**IV. THE COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW BY SUSTAINING THE GOVERNMENT'S OBJECTION TO DEFENSE COUNSEL'S ARGUMENT REGARDING REASONABLE DOUBT.**

In his principal brief, appellant challenges the sustaining of the government's objection to defense counsel's closing argument. The government characterizes appellant's argument as attempting to challenge the validity of the jury instructions on reasonable doubt without having lodged an objection at the District Court level. Appellant replies simply to note that the government has mischaracterized appellant's argument. In his principal brief, appellant acknowledges this court's longstanding rule that counsel should not attempt to define reasonable doubt. *United States v. Oriakhi*, 57 F.3d 1290 (4th Cir. 1995). While appellant did note that the trial court's failure to instruct the jury on reasonable doubt left the jury with the impression that appellant's argument on reasonable doubt was a misstatement of law, appellant's challenge relates solely to the court's sustaining of the objection to his closing argument and does not challenge the court's jury instructions.

Respectfully submitted, this the 13th day of October, 2022.

*/s/ John D. Bryson*
John D. Bryson
1912 Eastchester Drive, Suite 400
High Point, NC  27261
Telephone: (336) 819-6016
Facsimile: (336) 819-6076
Email:  jbryson@wehwlaw.com


*/s/ Mark P. Foster, Jr.*
Mark P. Foster, Jr.
409 East Blvd.
Charlotte, NC 28203
T:  980-721-5221
Email:  markpfosterjr@gmail.com

*Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE

1. This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document contains <u>1,465</u> words.

2. This document complies with the typeface requirements because:

    This document has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

*/s/ John D. Bryson*
John D. Bryson
1912 Eastchester Drive, Suite 400
High Point, NC 27261
Telephone: (336) 819-6016
Facsimile: (336) 819-6076
Email: jbryson@wehwlaw.com

*/s/ Mark P. Foster, Jr.*
Mark P. Foster, Jr.
409 East Blvd.
Charlotte, NC 28203
T: 980-721-5221
Email: markpfosterjr@gmail.com

*Counsel for Appellant*
